*E-FILED - 8/13/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO URIETA, | No. C 07-0137 RMW (PR) |
| Petitioner, | ORDER DENYING RESPONDENT'S MOTION TO DISMISS; SCHEDULING FURTHER BRIEFING |
| vs. | |
| BEN CURRY, Warden, | |
| Respondent. | (Docket no. 7) |

Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition based on petitioner's failure to exhaust state remedies. Petitioner filed an opposition. Respondent filed a reply. Having reviewed the papers, the court DENIES respondent's motion to dismiss and issues a further scheduling order as set forth below.

**STATEMENT**

In 1987, petitioner was sentenced to fifteen years-to-life in state prison after his conviction for second degree murder in Los Angeles Superior Court. After his parole suitability hearing, the Board of Prison Terms ("Board") found petitioner suitable for parole. On February

Order Denying Respondent's Motion to Dismiss; Scheduling Further Briefing
P:\pro-se\sj.rmw\hc.07\Urieta137mtdexh           1

15, 2005, the Governor reversed the Board's grant of parole. Petitioner filed a state habeas petition in the state superior court, which was denied on August 15, 2005. He then filed a habeas petition in state appellate court, which was denied on September 21, 2005. And finally, he filed a state habeas petition in the state supreme court, which was denied on September 13, 2006. The instant petition was filed on January 9, 2007.

## DISCUSSION

Respondent argues that petitioner failed to exhaust his claims that: (1) the Governor violated the Due Process Clause of the California and United States Constitutions by capriciously and arbitrarily reversing the Board's granting of a parole release date to petitioner based only upon the commitment offense factor and supported by unreliable multiple hearsay evidence from the probation report; and (2) the Governor's reversal of the parole release date violates the Ex Post Facto Clause of the federal constitution.

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b), (c). A federal district court must dismiss a federal habeas petition even if it contains only a single claim as to which state remedies have not been exhausted under 28 U.S.C. § 2254(b), (c). Rose v. Lundy, 455 U.S. 509, 522 (1982). Federal courts have a duty to construe pro se petitions for writs of habeas corpus liberally. Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001).

The exhaustion-of-state-remedies doctrine reflects a policy of federal-state comity to give the state "the initial 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" Picard v. Connor, 404 U.S. 270, 275 (1971) (citations omitted). The exhaustion requirement is satisfied only if the federal claim (1) has been "fairly presented" to the state courts, see id.; or (2) no state remedy remains available, see Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).

It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional

1  claim . . . inherent in those facts" must be brought to the attention of the state court. Picard, 404
2  U.S. at 277.  State courts must be alerted to the fact that prisoners are asserting claims under the
3  United States Constitution in order to be given the opportunity to correct alleged violations of
4  federal rights.  Duncan v. Henry, 513 U.S. 364, 365-66 (1995).

5        A claim is "fairly presented" only if the petitioner either referenced specific provisions of
6  the federal constitution or federal statutes, or cited to federal or state case law analyzing the
7  federal issue.  Peterson v. Lampert, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).  Ordinarily a
8  state prisoner does not fairly present a claim to a state court if that court must read beyond a
9  petition or a brief (or a similar document) that does not alert it to the presence of a federal claim
10 in order to find material that does so.  Baldwin v. Reese, 124 S. Ct. 1347, 1350-51 (2004).

11       In order to properly exhaust the factual basis for the claim, "the petitioner must only
12 provide the state court with the operative facts, that is 'all of the facts necessary to give
13 application to the constitutional principle upon which [the petitioner] relies.'" Davis v. Silva,
14 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted).  A prisoner may, however, raise new
15 factual allegations in federal court if they do not "fundamentally alter" the legal claim that the
16 state courts previously considered.  Weaver v. Thompson, 197 F.3d 359, 364 (9th Cir. 1999)
17 (internal quotation marks omitted).

18       For purposes of exhaustion, pro se petitions may, and sometimes should, be read
19 differently from counseled petitions.  See Peterson, 319 F.3d at 1159.  "When a document has
20 been written by counsel, a court should be able to attach ordinary legal significance to the words
21 used in that document." Id. at 1158.  When it has been written by a pro se petitioner, a court may
22 need to be more flexible.  See, e.g., Sanders v. Ryder, 342 F.3d 991, 999 (9th Cir. 2003)
23 (petitioner's pro se status in state court was a factor in favor of finding exhaustion).  A claim is
24 "fairly presented" only if the petitioner either referenced specific provisions of the federal
25 constitution or federal statutes, or cited to federal or state case law analyzing the federal issue.
26 Peterson, 319 F.3d at 1158.  However, "the complete exhaustion rule is not to trap the unwary
27 pro se prisoner." Id. at 1159.

28

A.      Exhaustion of Due Process claim

Respondent argues that in petitioner's state habeas petition, he failed to present the claim that the Governor violated his due process rights by relying on multiple hearsay evidence found in his probation report, see Respondent's Motion to Dismiss ("Mot."), p. 3.  In opposition, petitioner responds that he fairly presented the substance of his legal claim that the Governor violated his due process rights to the California Supreme Court, and his federal petition discussing the Governor's reliance on hearsay evidence to support the reversal of the Board's grant of parole was merely a factual expansion of the same legal claim, see Petitioner's Opposition to Motion to Dismiss ("Opp."), p. 2.  Respondent replies that the California Supreme Court could not have been properly alerted to petitioner's hearsay claim based on his submitted state habeas petition, see Respondent's Reply ("Reply"), p. 2.

The court agrees with petitioner.  In his state habeas petition, petitioner's legal claim was that the Governor's reversal of his parole grant violated his due process because the Governor did not rely on "some evidence" with an "indicia of reliability."  He further states that the Governor's stated reasons for reversal are not based on any reliable evidence at all.  In support of his argument, petitioner cites to the applicable federal cases, McQuillion v. Duncan, 306 F.3d 895 (9th Cir. 2002) and Biggs v. Terhune, 334 F.3d 910 (9th Cir. 2003).

In petitioner's federal habeas petition, his legal claim remains that the Governor's reversal of his parole grant violated his due process because the Governor did not rely on "some evidence" with an "indicia of reliability."  Specifically, he discusses in detail the fact that the Governor relied only on the "multiple hearsay evidence from the Probation Report which evidence does not bears [sic] a minimum indicia of reliability."  In support of his argument, petitioner cites to Superintendent v. Hill, 472 U.S. 445 (1985), Biggs, supra, Powell v. Gomez, 33 F.3d 39 (9th Cir. 1994), and Cato v. Rushen, 824 F.2d 703 (9th Cir. 1987).

While respondent correctly notes that petitioner did not discuss the Governor's reliance on multiple hearsay evidence to reverse his grant of parole in his state petition, in both petitioner's state and federal petitions, his legal claim remained the same and was not fundamentally altered by the presentation of "new" facts.  New factual allegations, in general, do

1 not render claims unexhausted.  See Vasquez v. Hillery, 474 U.S. 254, 260 (1986).  Further,

2 exhaustion "does not require that a habeas petitioner . . . present to the state courts every piece of

3 evidence supporting his federal claims in order to satisfy the exhaustion requirement."  Davis v.

4 Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (internal citations and quotation omitted).  Because

5 petitioner's presentation regarding "multiple hearsay" evidence in his federal petitioner involved

6 new factual allegations that did not fundamentally alter his legal claim, see Vasquez, 474 U.S. at

7 260, the court finds that petitioner fairly presented this claim and thus, it is properly exhausted.

8 B.     Exhaustion of Ex Post Facto claim

9 Respondent argues that in petitioner's state habeas petition, petitioner failed to present

10 the claim that the Governor's reversal of petitioner's grant of parole violated the Ex Post Facto

11 Clause and that, in fact, petitioner presented a different legal claim to the California Supreme

12 Court, see Mot., p. 3.  Petitioner responds that his legal claim in both his state and federal habeas

13 petitions are the same: that the power given to the Governor and the Governor's action of

14 reversing the grant of parole resulted in an improper increase of punishment and incarceration, in

15 violation of the Ex Post Facto Clause, see Opp., p.6-8.  Respondent replies that petitioner's state

16 habeas petition raised the issue of the "constitutionality of the Governor's power to review

17 parole decisions" while the federal petition "challenges the evidentiary basis of the Governor's

18 denial," see Reply, p. 3.

19 A review of the petitions demonstrates that in petitioner's state habeas petition, he argues

20 that California Penal Code § 3041.2, the addition of a Governor's "level of review," combined

21 with the "some evidence" standard and California Penal Code § 3041, both of which were

22 implemented after petitioner's conviction, resulted in the Governor's reversal of petitioner's

23 grant of parole, which violated ex post facto because petitioner is being held for a longer term

24 than that initially considered, see Opp., Exhibit B17-B18.  In petitioner's federal habeas petition,

25 he claims that the California Constitution and California Penal Code § 3041.2 violated the Ex

26 Post Facto Clause because the Governor's level of review is being applied to sentences and

27 punishments which occurred prior to the enactment of those laws; that the reversal of the grant of

28 parole made petitioner's initial punishment greater than it was when the crime was committed;

1 and, therefore, the Governor's power to reverse and actual reversal of petitioner's grant of parole
2 violated the Ex Post Facto Clause. Following this court's obligation to liberally construe pro se
3 petitions, see Zichko, 247 F.3d at 1020, both the state habeas and federal habeas petitions
4 include petitioner's claim that an "extra level of review" of parole decisions by the Governor
5 violated ex post facto because petitioner's punishment and incarceration were improperly
6 increased after-the-fact. As such, the court finds that petitioner fairly presented this claim and it
7 is properly exhausted.

Accordingly, the court DENIES respondent's motion to dismiss the petition.

## CONCLUSION

1. Respondent's motion to dismiss the instant petition for failure to exhaust state remedies (docket no. 7) is DENIED.

2. Respondent shall file with the court and serve on petitioner, within **60 days** of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the underlying prison disciplinary record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty days** of the date the answer is filed.

4. It is petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

///

///

This order terminates docket no. 7.

IT IS SO ORDERED.

DATED: 8/12/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Denying Respondent's Motion to Dismiss; Scheduling Further Briefing
P:\pro-se\sj.rmw\hc.05\Finney576mtddeny         7